**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SPENCER VARDARMAN STEPHENS, III** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-1982** |
| **TRAVIS DAY, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] for default judgment filed by Spencer Vardarman Stephens, III ("plaintiff"). Plaintiff requests a default judgment against defendants Travis Day, "Warden Bickham," Kevin Loper, Karla Wheat, Juan Martinez, and "Colonel Rigdon" (collectively, "defendants") for failing to file an answer.

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, defendants must file an answer or other responsive pleading within twenty-one days of being served with a summons and complaint. The record reflects that defendants have not yet been served with a summons and complaint.[2] Thus, defendants are not delinquent with respect to the requirements of Rule 12(a).

Additionally, before seeking a default judgment, the plaintiff must petition the Clerk of Court for an entry of default pursuant to Federal Rule of Civil Procedure 55(a), which is simply "a notation of the party's default on the [C]lerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar.

---

[1] R. Doc. No. 16.
[2] Although summonses have been issued with respect to defendants, they have not yet been returned as executed.

29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotation marks omitted). Plaintiff has not satisfied the requirements of Rule 55(a)—he has not petitioned the Clerk of Court for an entry of default and the Clerk of Court has not issued an entry of default.

Accordingly,

**IT IS ORDERED** that plaintiff's motion[3] for a default judgment is **DENIED**.

New Orleans, Louisiana, June 25, 2026.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. No. 16.