UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPENCER VARDARMAN STEPHENS, III | CIVIL ACTION |
| VERSUS | NO. 25-1982 |
| TRAVIS DAY, ET AL. | SECTION "I" (2) |

**REPORT AND RECOMMENDATION**

Before the Court is a Rule 12(b)(1) and (b)(6) motion to dismiss (or more accurately partial motion to dismiss) filed by defendants Travis Day, Keith Bickham, Kevin Luper, Karla Wheat, and Dr. Juan Martinez. ECF No. 32.[1] As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, September 8, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the parties' arguments, and the applicable law, I recommend that the motion be GRANTED.

## I. BACKGROUND

Plaintiff is a convicted inmate formerly housed at Rayburn Correctional Center ("RCC").[2] ECF Nos. 3, at 3; & 7, at 15. He filed this *pro se* and *informa pauperis* complaint under 42 U.S.C. § 1983 against defendants Head Warden Travis Day, Assistant Warden Keith Bickham, Security Warden Kevin Luper, Assistant Warden Karla Wheat, Doctor Juan Martinez, and Colonel Wade Rigdon. ECF No. 3, at 1, 4. Plaintiff asserts claims of violations of his rights under (1) the Americans with Disabilities Act ("ADA") and (2) the Eighth Amendment under 42 U.S.C. § 1983. ECF Nos. 3, at 5; 9, at 1, 6; & 11.

---

[1] The remaining defendant Colonel Wade Rigdon had not been served at the time this motion was filed, but has since filed a waiver of service. ECF No. 33. Defendants noted that "all arguments asserted herein apply to Defendant Rigdon. ECF No. 32-1, at 1 n.1. Thus, he is considered an additional movant.

[2] Stephens has since been transferred to Elayn Hunt Correctional Center. ECF No. 8, at 1.

Plaintiff alleges that he has been paralyzed for the last twenty years and is wheelchair bound. ECF No. 3-3, at 2. While incarcerated, Plaintiff argues that he was placed in cells that were inappropriate and inadequate for his disability. *Id.* at 1–3. As one example, he states that he was not given his medical mattress and forced to spend a night sleeping in his wheelchair. *Id.* at 1. He alleges that he suffered daily as he was forced to adapt to inhumane living conditions. ECF No. 7, at 11.

Defendants moved to dismiss some of Plaintiff's claims under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF No. 32. Defendants highlight that Plaintiff does not specify whether he sues each of the Defendants in his or her individual or official capacity. ECF No. 32-1, at 2. Defendants argue that if they are sued in their official capacities, the claims under § 1983 must be dismissed. *Id.* at 6. As employees of the Louisiana Department of Public Safety and Corrections ("DPS&C"), Defendants argue that they are entitled to sovereign immunity. *Id.* at 6–7. Additionally, Defendants argue that they are not "persons" capable of being sued under § 1983. *Id*. at 7–8.

But if the Defendants are sued in their individual capacities, they argue that claims asserting ADA violations must be dismissed. *Id.* at 8. The Defendants contend that claims against persons in their individual capacities cannot be asserted under the ADA. *Id.* They request that: (1) all claims asserted under § 1983 in their official capacity should be dismissed and (2) all claims asserted under the ADA in their individual capacity should be dismissed. *Id.* at 8–9.

## II. **<u>STANDARDS OF REVIEW</u>**

### A. **<u>Rule 12(b)(1) Standard</u>**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of the district court. A motion to dismiss for lack of subject matter jurisdiction should be granted only if "it appears certain

that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief."[3]

A court must address a subject matter motion before other substantive motions to avoid a court without jurisdiction prematurely dismissing a case with prejudice.[4] If the court lacks subject matter jurisdiction, it should dismiss without prejudice.[5]

**B. <u>Rule 12(b)(6) Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim is "not meant to resolve disputed facts or test the merits of a lawsuit."[6] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[7]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8] "The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments."[9] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-

---

[3] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012).
[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also McCasland v. City of Castroville*, 478 F. App'x 860, 860–61 (5th Cir. 2012) (vacating Rule 12(b)(6) dismissal because district court failed to first address Rule 12(b)(1) motion).
[5] *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010); *see also Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., In*c., 544 Fed. App'x. 455, 456–57 (5th Cir. 2013) (vacating Rule 12(b)(1) dismissal with prejudice and remanding for determination of whether dismissal was for lack of jurisdiction or for failure to state a claim).
[6] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[7] *Id.*
[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam).
[9] *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

> pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[10]

"When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff."[11]

## III. DISCUSSION

An officer's performance of his official duties creates two potential liabilities under § 1983: personal-capacity liability for him and official-capacity liability for the governmental entity that employs him.[12] Personal-capacity suits seek to impose individual liability upon an officer for actions taken under color of state law, so a victory in a personal-capacity suit is against the individual defendant rather than the entity that employs him.[13] Official-capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.[14] Because the governmental entity is the real party in interest, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[15] Thus, "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[16]

Plaintiff does not allege whether he is suing Defendants in their personal or official

---

[10] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).
[11] *Id.* at 803 n.44 (citation modified); *accord. Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015); *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007).
[12] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000); *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).
[13] *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S. 159, 167–68 (1985).
[14] *Id.*
[15] *Graham,* 473 U.S. at 166.
[16] *Id.*

capacities. Although he is not technically required to do so,[17] that distinction narrows which of Plaintiff's claims are potentially viable. To address Defendants' motion, I assume that Plaintiff asserts claims against Defendants in *both* their personal and official capacities.

### A. Official Capacity Claims under § 1983

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[18]

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment bars "suits against state officials or agencies that are effectively suits against a state."[19] The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State."[20] This language establishes an immunity that bars actions in federal court "against state governments by anyone other than the federal government or another state"[21] for "retrospective relief in the form of a money judgment in compensation for past wrongs."[22] Louisiana has not waived its right to sovereign immunity.[23] Eleventh Amendment immunity, therefore, bars any suit seeking monetary

---

[17] FED. R. CIV. PRO. 9(a)(1) ("Except when required to show that the court has jurisdiction, a pleading need not allege . . . a party's capacity to sue or be sued.").
[18] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).
[19] *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 463–64 (1945) (barring suits in which the state is a real party in interest, despite not being a named defendant)).
[20] *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988) (quoting U.S. CONST. amend. XI).
[21] *Id.*
[22] *Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir. 1988).
[23] *Paxton*, 943 F.3d at 997 ("[U]nless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit."); *Fletcher v. La. Dep't of Transp. & Dev.*, 19 F.4th 815, 818 (5th Cir. 2021)

damages against Louisiana officials and agencies. Because immunity deprives this court of jurisdiction to hear claims to which it applies, dismissal of claims seeking monetary relief against immune defendants should be without prejudice.[24]

In sum, "the Eleventh Amendment bars suit against state officials and employees of state entities, acting in their official capacities."[25] In this case, Defendants are employed by the Louisiana DPS&C. ECF No. 32-1, at 6–7. The DPS&C "as a Louisiana executive department [is] entitled to the Eleventh Amendment's protection."[26] Defendants, therefore, are entitled to sovereign immunity when they are acting in their official capacities. Plaintiff's § 1983 claims against Defendants in their official capacity should be dismissed without prejudice.

**2. "Persons" Under § 1983**

In a related doctrine, a state official in his official capacity is not considered a "person" subject to suit under § 1983.[27] "Obviously, state officials literally are persons. But a suit against

(quoting *Holliday v. Bd. of Supervisors of LSU Agric. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)) ("While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. I, § 26 makes it clear the State has not waived its sovereignty within the federal system."); LA. REV. STAT. 13:5106(A) ("No suit against the state or state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). § 1983 does not abrogate sovereign immunity. *Lewis v. La. State Univ.*, No. 21-198, 2021 WL 5752239, at *11 (M.D. La. Dec. 2, 2021).

[24] *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

[25] *Marsh v. D.W.C.C.*, No. 22-5338, 2026 WL 828872, at *3 (W.D. La. Mar. 3, 2026).

[26] *Hanna v. Leblanc*, 716 F. App'x 265, 268 (5th Cir. 2017); *see also Marsh*, 2026 WL 828872, at *3 (citations omitted) ("The DWCC is a state agency subject to Eleventh Amendment protection. Thus, Marsh's claims against Defendants, in their official capacities, are, in effect, claims against a state agency, which are barred by the Eleventh Amendment."); *Young v. Leblanc*, No. 23-681, 2024 WL 4157948, at *5 (M.D. La. Sept. 11, 2024) ("DPSC is considered an 'arm of the state' entitled to Eleventh Amendment immunity."); *Demouchet v. Rayburn Corr. Ctr.*, No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008) (citations omitted) ("All are employed at [RCC] which is a state operated correctional facility under the control and administration of the Louisiana Department of Corrections ('DOC'). A suit against these defendant in their official capacities is equivalent to a suit against the entity with whom they are employed, i.e., the DOC. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State, unless the State has expressly waived its Eleventh Amendment sovereign immunity. The State of Louisiana has expressly not waived its Eleventh Amendment immunity.").

[27] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."[28]

Defendants in their official capacities are not considered "persons" capable of being sued under § 1983 because any suit against them in their official capacities is really a suit against DPS&C itself. Because Defendants in their official capacities are not "persons" capable of being sued under § 1983, the § 1983 claims asserted against them in their official capacities should be dismissed.

### 3. *Ex Parte Young*

Sovereign immunity is not limitless, however. One important caveat is the *Ex Parte Young* exception.[29] Under *Ex Parte Young*, a litigant may sue a state official in his official capacity if the suit seeks prospective injunctive relief to redress an ongoing violation of federal law.[30] To fall within *Ex Parte Young*, the suit must (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; (3) allege a violation of federal, not state, law; and (4) seek only prospective, equitable (i.e., declaratory or injunctive) relief, not monetary damages.[31] In essence, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[32] In *Hope v. Harris*, the Fifth Circuit applied the *Ex Parte Young* exception to a prisoner challenging his solitary confinement conditions.[33] In that case, the named

---

[28] *Id.*
[29] 209 U.S. 123, 167-68 (1908).
[30] *Id.*; *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017).
[31] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015); *see also Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgment).
[32] *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Coeur d'Alene Tribe*, 521 U.S. at 296).
[33] 861 F. App'x 571, 575, 578–79 (5th Cir. 2021).

defendants had the authority to change the prisoner's conditions of confinement so sovereign immunity did not bar the "official-capacity claims for prospective injunctive relief."[34]

Here, the only alleged ongoing violation of federal law that could potentially be remedied by prospective relief is Plaintiff's allegation that he was housed in a cell that was not handicap accessible. ECF No. 3-3, at 1–3. Plaintiff has since been moved out of the cell that he alleges was not handicap accessible. ECF No. 7, at 11. Indeed, he has been transferred to a different prison facility. ECF No. 8, at 1. Thus, unlike *Hope*, there is no further prospective injunctive relief on this issue that could be granted.

Plaintiff also requests that he be released from prison. ECF No. 13, at 4. He does not, however, allege an ongoing violation of a federal right that would result in his release. Moreover, release from prison is not available relief under § 1983.[35] The Fifth Circuit has made clear that "a habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit . . . is the 'proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'"[36] Thus, a prisoner cannot challenge the fact or duration of confinement in a § 1983 action.[37] When a prisoner-plaintiff is seeking immediate release or a speedier release from imprisonment, "his sole federal remedy is a writ of habeas corpus."[38]

The *Ex Parte Young* exception does not apply here. Dismissal of the § 1983 claims without prejudice is appropriate.

---

[34] *Id.* at 579.
[35] *Wilson v. Midland Cnty.,* 116 F.4th 384, 388–89 (5th Cir. 2024) (en banc) (discussing the different relief available for a § 1983 claim versus habeas petition).
[36] *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)).
[37] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).
[38] *Preiser*, 411 U.S. at 500.

### B. Individual Capacity Claims under the ADA

The ADA was created "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."[39] Unlike § 1983, the ADA does not create two potential avenues of liability for a defendant. Rather, Title II of the statute protects the rights of "qualified individual[s] with a disability" from being "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity."[40] Thus, Title II only applies to public entities (including state prisons)—not individuals.[41]

Indeed, the Fifth Circuit has made clear that the ADA does "not permit personal-capacity suits against government officials."[42] In other words, a plaintiff suing government officials under the ADA "must *necessarily* pursue official-capacity claims."[43]

To the extent Plaintiff seeks to assert ADA claims asserted against Defendants in their individual capacities, those claims should be dismissed with prejudice.

### C. Plaintiff Cannot Amend to Overcome These Issues

Claims filed by a *pro se* litigant that fail to state grounds upon which relief can be granted should generally be dismissed without prejudice, unless the plaintiff has been given adequate

---

[39] 42 U.S.C. § 12101(b).
[40] 42 U.S.C. § 12132 (emphasis added).
[41] 42 U.S.C. § 12131(1) ("The term 'public entity' means . . . any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government."); *see also Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 209 (1998) ("[T]he [ADA's] language unmistakably includes State prisons and prisoners within its coverage."); *Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018) ("[T]he ADA cannot be assessed against an individual[.]"); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (citation omitted) ("Title II provides disabled individuals redress for discrimination by a 'public entity. That term, as it is defined within the statute, does not include individuals."); *Nickels v. In My Parents Basement, Inc.*, No. 25-1696, 2026 WL 196632, at *3 (W.D. Tex. Jan. 23, 2026) ("Courts in this Circuit have held that individual defendants cannot be subject to liability under Title II because that provision contemplates discrimination by an 'entity.'");
[42] *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *2 (5th Cir. Jan. 13, 2025) (per curiam).
[43] *Id.*

opportunity to cure the deficiencies or if the pleadings demonstrate he has pled his best case.[44] When, however, is it clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court need not provide the *pro se* plaintiff with an opportunity to amend before dismissing as plaintiff has already stated his best case.[45]

Because Plaintiff cannot cure the defects inherent in his official capacity § 1983 claim or individual capacity ADA claim, the Court need not allow amendment.

## IV. RECOMMENDATION

It is therefore RECOMMENDED that the Rule 12(b)(1) and (6) motion to dismiss (ECF No. 32) filed by Defendants be GRANTED.

It is FURTHER RECOMMENDED that the 42 U.S.C. § 1983 claims seeking monetary damages asserted against Travis Day, Keith Bickham, Kevin Luper, Karla Wheat, Dr. Juan Martinez, and Colonel Wade Rigdon in their official capacity should be DISMISSED WITHOUT PREJUDICE, leaving for resolution the §1983 claims against Defendants in their individual capacity.

It is FURTHER RECOMMENDED that the ADA claims asserted against Travis Day, Keith Bickham, Kevin Luper, Karla Wheat, Dr. Juan Martinez, and Colonel Wade Rigdon in their individual capacity should be DISMISSED WITH PREJUDICE, leaving for resolution the ADA claims against Defendants in their official capacity.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

[44] *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025); *Ricks v. Khan,* 135 F.4th 296, 300–01 (5th Cir. 2025).
[45] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[46]

New Orleans, Louisiana, this 24th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[46] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.